UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CESAR CARILLO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4060** |
| **RELIANCE NATIONAL INDEMNITY COMPANY D/B/A LOUISIANA INSURANCE GUARANTEE ASSOCIATION** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Louisiana Insurance Guaranty Association's motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is **DENIED**. (Document #3.)

### I. BACKGROUND

Cesar Carillo filed a claim for benefits under the Longshore Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (the Act) for an on-the-job injury while he was employed with Trinity Yachts.[1] Reliance National Indemnity Company "d/b/a Louisiana

---

[1] Trinity Yachts has filed for bankruptcy protection.

Insurance Guarantee Association (LIGA)"[2] assumed the liability for federal compensation in Carillo's case.

On February 27, 2006, the District Director approved the settlement submitted by the parties in accordance with § 8(i) of the Act.  On March 17, 2006, LIGA issued a check for $30,000, the amount agreed to by the parties on February 27, 2006.

On March 16, 2006, Carillo filed a written request that a 20% penalty be assessed against LIGA for failure to pay the settlement amount within 10 days, as required under the Act.  On March 17, 2006 the District Director ordered LIGA to pay an additional $6,000, representing the 20% penal provided for in § 914(f) of the Act.

LIGA did not pay the penalty on grounds that the order or the District Director was not properly served by certified mail.  The case was referred to the Office of Administrative Law Judges for a formal hearing on August 29, 2006.  On April 24, 2007, the administrative law judge granted Carillo's motion for summary judgment and ordered LIGA to pay the $6,000 penalty.

---

[2]   The plaintiff names LIGA as a defendant in the first amended complaint.  LIGA was created by the Louisiana legislature to protect insureds in Louisiana for loss or delay in payment because of the insolvency of an insurer.  La. Rev. Stat. 22:1375 provides:
> The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies and to allow the association to provide financial assistance to member insurers under rehabilitation or liquidation, and to provide an association to assess the cost of such operations among insurers.

LIGA is not a domestic insurer, and Reliance and LIGA are two separate entities.

Carillo filed a complaint and a first amended complaint against Reliance and LIGA, alleging that all sums due to him have not been paid and seeking enforcement of the District Director's order and attorney's fees. LIGA filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

**A. Legal standard**

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 2007 WL 2200004 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.

**B. Section 914(f) supplementary default order**

Section 914(f) provides for additional compensation for overdue installment payment payable under the terms of an award as follows:

> If any compensation, payable under the terms of an award, is not paid within ten days after it comes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to such compensation. . . ."

A § 914(f) assessment is a supplementary order declaring the amount of the default within the meaning of § 918(a) of the Act. Carillo seeks review and enforcement of the supplementary order for a 20% penalty.

**1) No claim for penalties against LIGA**

LIGA contends that Carillo has no claim for penalties because a penalty is not a "covered claim" for which LIGA is responsible. La. Rev. Stat. 22:1379(d) provides:

> "Covered claim" shall not include any claim based on or arising from a pre-insolvency obligation of an insolvent insurer, including but not limited to contractual attorneys' fees and expenses, statutory penalties and attorneys' fees, court costs, interest and bond premiums, or any other expenses incurred prior to the determination of insolvency.

Carillo argues that the administrative law judge and the District Director advised LIGA that the penalty was due, and LIGA failed to pay the settlement within the 10-day period. Carillo alleges in the complaint that LIGA failed to pay the penalty for failing to timely pay the settlement, not that the penalties were incurred prior to the determination of Reliance's insolvency. LIGA points to no language in the statute that excludes post-insolvency costs and interest. Accordingly, taking all of the allegations in the complaint as true, the factual allegations raise a right to relief under the supplementary default order issued pursuant to § 914(f).

**2. Mailing the order**

LIGA contends that Carillo has failed to state a claim for penalties. LIGA argues that the 10-day period within which the compensation order was to be paid did not begin to run because the order was not sent by certified mail.

In Sea-Land Service, Inc. v. Barry, 41 F.3d 903, 909 (5th Cir. 1994), the Court of Appeals concluded that the language of 20 C.F.R. § 702.349 does not make mailing part of the filing of an order. The Court of Appeals based the decision on Jeffboat, Inc. v. Mann, 879 F.2d 660, 663

(7th Cir. 1989), in which the Court of Appeals for the Seventh Circuit interpreted § 702.349 as follows:

> The regulation does not define "filing," nor does it include proper mailing as part of filing. The regulation specifies which documents are to be filed and that before filing they should be formally dated. While the regulation does add that the parties' representatives should be sent copies along with the parties, the language of the regulation does not make proper mailing part of filing: the regulation mandates that the copies be sent "on the same day as the filing was accomplished"; if filing is not complete until copies are mailed to the parties representative, the distinction would make no sense.

Section 914(f) is self-executing, and the statute is clear. See Lauzon v. Strachan Shipping Co., 782 F.2d 1217, 1220 (5th Cir. 1985). The award is due and payable ten days following the filing, and the period is not determined by mailing or service. Id.

Because mailing is not considered in determining the 10-day period, Carillo has stated a claim under § 914(f).

### III. CONCLUSION

Assuming that the factual allegations in the complaint are true, the allegations raise a right to relief above the speculative level. Accordingly, LIGA's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is denied.

New Orleans, Louisiana, this  22nd day of October, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**