UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CESAR CARILLO | CIVIL ACTION |
| VERSUS | NO: 07-4060 |
| RELIANCE NATIONAL INDEMNITY COMPANY D/B/A L.I.G.A. | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Cesar Carillo's motion for summary judgment is **GRANTED**.  (Document #20.)

## I. BACKGROUND

Cesar Carillo filed a claim for benefits under the Longshore Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (LHWCA) for an on-the-job injury while he was employed with Trinity Yachts.[1]  Reliance National Indemnity Company (Reliance) d/b/a Louisiana Insurance Guarantee Association (LIGA)[2] assumed the liability for federal

---

[1]  Trinity Yachts has filed for bankruptcy protection.

[2]  The plaintiff names LIGA as a defendant in the first amended complaint. LIGA is a nonprofit, unincorporated creation of state law, designed to reinsure the obligations of insolvent insurers doing business in Louisiana. . . . The statute mimicked a uniform state model that was offered nationally to protect the public

compensation in Carillo's case.

On February 27, 2006, the District Director approved the settlement submitted by the parties in accordance with § 8(i) of the LHWCA. On March 17, 2006, LIGA issued a check for $30,000, the amount agreed to by the parties on February 27, 2006.

On March 16, 2006, Carillo filed a written request that a 20% penalty be assessed against LIGA for failure to pay the settlement amount within 10 days, as required under the LHWCA. On March 17, 2006 the District Director ordered LIGA to pay an additional $6,000, representing the 20% penal provided for in § 914(f) of the Act.

LIGA did not pay the penalty, and the case was referred to the Office of Administrative Law Judges for a formal hearing on August 29, 2006. On April 24, 2007, the administrative law

---

through the device known as "insurance guarantee associations"

> As a condition of doing business in Louisiana, insurance carriers receiving the statutory benefit of being reinsured were forced to finance LIGA through assessments. In the event that a member-carrier became insolvent, it was envisioned that LIGa would assume all the benefits and obligations of the direct insurance policies underwritten by the defunct carrier. Some notable exceptions, such as life insurance and ocean marine insurance, were carved out of the enabling statute.

Sifers v. General Marine Catering Co., 892 F.2d 386 (5th Cir. 1990).

Louisiana Revised Statute 22:1375 provides:
> The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies and to allow the association to provide financial assistance to member insurers under rehabilitation or liquidation, and to provide an association to assess the cost of such operations among insurers.

LIGA is not a domestic insurer, and Reliance and LIGA are two separate entities.

judge granted Carillo's motion for summary judgment and ordered LIGA to pay the $6,000 penalty.

Carillo filed a complaint and a first amended complaint against Reliance and LIGA, alleging that all sums due to him have not been paid and seeking enforcement of the District Director's order and attorney's fees.  Carillo filed a motion for summary judgment enforcing the District Director's order awarding the penalty.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B.  Enforcement of the order

Carillo contends that the award is final, and LIGA must now pay the penalty.  Carillo argues that §914(f) of the LHWCA provides for additional compensation for overdue installment payment payable under the terms of an award and that the order is self-executing.  LIGA contends that it never should have accepted Carillo's claim because it is excluded under Louisiana Revised Statute 22:1379(3)(f).

33 U.S.C. § 921 provides in prtinent part::

(a) Effectivness and finality of ordrs
A compensation order shall become effective when filed in the office of the deputy commissioner . . . unless proceedings for the suspension or setting aside of such order are instituted as provided in subsection (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

(b) Benefits Review Board . . .
(3) The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this chapter and the extensions thereof. . . .

(c) Court of appeals . . .
Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. . . .

(d)     If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award . . . may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred. . . . If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

LIGA does not assert or present documentation that it has filed an appeal to the Benefits Review Board or the United States Court of Appeals for the Fifth Circuit,.  Pursuant to § 921, this court does not have jurisdiction to hear such an appeal.  Carillo may, however, apply to this court for enforcement.

There are no genuine issues of material fact.  The court concludes that the time for filing

an appeal has passed, and the order has become final. Accordingly, Carillo is entitled to judgment as a matter of law enforcing the order awarding the $6,000 penalty for failure to pay the settlement amount timely.

       New Orleans, Louisiana, this   29th   day of February, 2008.

                                   **MARY ANN VIAL LEMMON**
                                   **UNITED STATES DISTRICT JUDGE**